UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KARL L. KING, | ) | CASE NO. 1:20CV2164 |
| | ) | |
| Petitioner, | ) | SENIOR JUDGE |
| | ) | CHRISTOPHER A. BOYKO |
| vs. | ) | |
| | ) | |
| MICHAEL PHILLIPS, Warden, | ) | OPINION AND ORDER |
| | ) | |
| Respondent. | ) | |

**CHRISTOPHER A. BOYKO, SR. J.:**

*Pro se* Petitioner Karl King is a pretrial detainee, currently detained at Northeast Ohio Correctional Center in Youngstown, Ohio ("NEOCC"). He is currently facing charges for his alleged participation in a narcotics conspiracy. (*See United States v. Guzman, et al.*, Case No., 1:19CR646, the "Criminal Case"). In June of 2020, after it denied King's request for release from detention due to the COVID-19 pandemic, this Court Ordered that King undergo a psychological evaluation. On or about June 29, 2020, the United States Marshals transferred King to FCI Englewood in Littleton, Colorado for his psychological evaluation.

On or about September 10, 2020, and while detained at FCI Englewood,[1] King filed this Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (Doc. 1). He raises the following Grounds for Relief:

> **GROUND ONE:** Fifth Amendment U.S.C.A. violation subjecting King to cruel and unusual punishment as a pretrial detainee who may not be punished at all absent a conviction, let alone in violation of the Eighth Amendment
>
> **GROUND TWO:** Per policy of FCI Englewood all inmates are to be immediately tested for COVID-19 upon arrival. King arrived at

---

[1] Throughout his Petition, King mistakenly refers to the facility as "FDC" Englewood. The proper name is FCI Englewood. *See* https://www.bop.gov/locations/institutions/eng/ (last visited Sept. 30, 2021).

> FCI Englewood on July 6, 2020. However, King was not tested for COVID-19 until July 10, 2020.
>
> **GROUND THREE:** King's Sixth Amendment right to counsel due to COVID restrictions. King is unable to meet with counsel at all; due to phone restrictions and denial of in person visitation.
>
> **GROUND FOUR:** Cruel and unusual punishment due to the failure to follow C.D.C. guidelines and B.O.P. protocol; the inmate populations blame King for COVID-19 and quarantine, creating a hostile environment, extraordinary circumstances.

(Doc. 1). He seeks immediate release, or in the alternative, assurance that FCI Englewood is complying with the Center for Disease Control and Bureau of Prisons guidelines for prevention of the spread of COVID-19. He also requests appropriate medical treatment. (*Id.*).

Thus, King's habeas claims stem from his transfer from NEOCC to FCI Englewood in June of 2020 and both facilities' COVID-19 protocols. After his initial Petition, King filed numerous motions, supplements and notices pertaining to the original petition. (*See* Docs. 2, 3, 5, 6, 13, 14, 15, 16, 17, 18, & 19).

But the Court does not have the jurisdiction to consider either the original Petition or subsequent motions. District courts have the authority to grant a writ of habeas corpus "within their respective jurisdictions." 28 U.S.C. § 2241(a). "A petition for a writ of habeas corpus that challenges a prisoner's present physical confinement under § 2241 is within a district court's 'respective jurisdiction' if the court has personal jurisdiction over the prisoner's immediate custodian." *Reyes v. Pugh*, 2015 WL 4644977, at *3 (N.D. Ohio Aug. 4, 2015) (citing *Braden v. 30th Judicial Cir. Ct. Ky.*, 410 U.S. 484, 495 (1973); *Rumsfield v. Padilla*, 542 U.S. 426, 442 (2004)). "The prisoner's immediate custodian, and, therefore, the appropriate respondent pursuant to a petition under § 2241, is the warden of the facility in which the prisoner is incarcerated." *Id.*

Most importantly, personal jurisdiction is determined at the time the petition is filed. *Id.* (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). And a petitioner's subsequent transfer does not impact personal jurisdiction. *Id.* Thus, a petitioner's post-filing transfer to a facility outside the district in which the petition was filed does not destroy personal jurisdiction. *Banks v. U.S. Marshal*, 2013 WL 3458301, at *2 (N.D. Ohio July 9, 2013) (citing *Padilla*, 542 U.S. at 436). Accordingly, if the court had jurisdiction over the petition when it was filed, it does not "lose jurisdiction" when the petitioner is transferred. *Bishop v. Medical Superintendent of Ionia State Hospital of State of Mich.*, 377 F.2d 467, 468 (6th Cir. 1967).

At the time King filed his Petition, he was detained at FCI Englewood in Colorado. Thus, the proper respondent at the time of filing was the Warden of FCI Englewood. This Court does not have personal jurisdiction over the Warden of FCI Englewood. Rather, proper jurisdiction resides with the United States District Court for the District of Colorado. This fact is not changed due to King's subsequent transfer to this Court's jurisdiction. Finally, because the Court does not have jurisdiction over the initial Petition, it cannot rule on Petitioner's subsequent motions.

Accordingly, the Court **DISMISSES** King's Petition without prejudice for lack of jurisdiction. The Court also **DENIES AS MOOT** King's subsequent motions (Docs. 2, 3, 5, 6, 13, 14, 15, 16, 17, 18, & 19).

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**Senior United States District Judge**

**Dated: September 30, 2021**